Good morning. May it please the Court, Mandy Lee and Sarah Fairchild on behalf of R.K. Your Honor, I would first like to reserve two minutes for rebuttal, if I may. All right. I'd first like to address the issue of mootness that's before the Court. R.K. is a child who has a genius-level IQ. He has missed many, many days of schooling. He has lacked the ability to have peer social relationships, which are detrimental to this child, the things that this child might be able to achieve, but for the fact that he has missed time in school that can simply not be replaced. The parties here argue mootness is an afterthought. It is clear that there is no evidence in this record that the parties have any intent to comply with an OAH order. In fact, the OAH order itself is toothless. It cannot underwine or enforce its own order. CDE has, in fact, determined that the parents were later recalcitrant for not accepting the inappropriate offer of Keystone. There's been no evidence provided to this Court, as in the Honig v. Doe case, that the conduct at issue will not repeat itself, none whatsoever. What we have here is a continuing violation for every day that this child has missed schooling. So could you file a new suit in the district court to ask for a TRO since it's don't you have a state put order now in the administrative hearing? Well, Your Honor, first of all. Is that correct or is that incorrect? Well, actually, the problem with that is that the underlying court relied on Rob v. Bethel for the proposition that, in fact, we would have to exhaust the full administrative proceeding in order to seek relief before it. In the Murphy v. Arlington case, the Second Circuit filed with amicus by the United States Department of Justice held that it would eviscerate the rights of state put if these parents have to go chasing state put in every single avenue so that they can obtain relief. And that's exactly what this is. This case is the worst of all scenarios. Let me go back to something you said. You said that the OAH order by Keith Kirchabell, I guess, is toothless. The way I read the order is respondent, that's the school district, shall, mandatory, maintain petitioner's placement at ECB during the pendency of this action to include, but not limited to, to include the services set forth in the agreement of August 8, 2005, and the EIP, November 22, 2005. Why didn't that state put order to the district say, you've got to keep the child in ECB even if ECBA charges more money or ECB gives him more classes? I have no idea why OAH would have said that other than the fact that they repeatedly rely on, since I'm a practitioner. That's not a toothless order, is it? Well, it's a toothless order to the extent that they have no authority and they repeatedly cite under Weiner, and it's not disputed in the record by either party, that they will not enforce their own state put order. So if we went to OAH. What you could do is to seek to enforce that order, which you didn't do. You dismissed the proceeding and sought to a brand new order out of the court. Actually, that's not. But why didn't you? Sorry. Explain to me why. Did you represent the R.K. Below? Yes, I did, Your Honor. Now, you had this order. Why didn't you go to Judge White and say, we want to enforce this order? It is not being enforced. This child is missing school. We want him to receive these services. There are two parts to that. The first is that we actually did seek to enforce the order. But you first dismissed the order. First, we sought to enforce the order before CDE. In fact, that was sought on two occasions. You're not answering my question. You've got the order, September 6, 2006. Instead of dismissing the proceeding and proceeding to district court, why didn't you go to district court and say, this order is not being enforced.  The reason, Your Honor, is because at the time, the parties were evidencing that they were not going to comply. The enforcement mechanism in place is the CDE order. Additionally, there was a claim in the underlying due process complaint for enforcement of a mediation agreement. Those were the only two claims at issue. The OAH had held that they do not have jurisdiction to enforce the underlying breach of the mediation agreement. So the only cause of action before OAH in that proceeding, where the September 6 OAH order by Judge Kirschfeld is issued, the OAH held that it had no jurisdiction to hear breaches of settlement agreement. That was the only issue before OAH. Therefore, there was no relief that could be sought by keeping that due process proceeding in place. Further, I think that the ---- Kagan. So let me just understand, though. You withdrew the due process claim, correct? Correct. So by the time you got to district court also, there was no stay-put order in effect, correct? That's correct. So then there's nothing to enforce. Well, we asked for, and I think this goes to whether we requested initially a broad enough request for the parties to comply with the IDA. And, in fact, we did. In the Memorandum of Points and Authorities, we specifically request this Court to ask the parties to comply with the stay-put provisions. In fact, this Court in Joe Gonzalez v. Mayer ---- You don't ask a court to ask the parties to comply with an agreement. You ask a court to order the order to be effected. I mean, I still don't get the answer to why you dismissed the proceeding instead of seeking to enforce the order of September 6, 2006. Because there was no relief that could be gained from keeping that proceeding in effect. There was only one request being made. And it was filed pro per by my clients, which was to seek enforcement of the mediation agreement and to have a stay-put order effectuated. But the order said that they should maintain, the Respondents shall maintain petitioner's placement at ECB. But they did not do that. At the school, pay for the school, whatever the school requires to give the child. But they ---- If the Court would have issued a stay-put order enforcing that order, I would have had to dismiss the underlying due process request anyways, because the only cause of action before OAH was for breach of a settlement agreement, which was filed pro per by my clients. They had already deemed that they do not have jurisdiction to enforce breaches of settlement agreement. Therefore, at some point, I would have had to dismiss that case anyways. Kennedy. But the settlement agreement is the agreement dated August 8, 2005, right? Correct. And this order specifically says that the Respondents shall maintain the petitioner's placement to include the services set forth in the agreement. So they're saying, as I see Judge Kirchhoff say, you won, Mr. Arkay. You get to stay at ECB and you get your agreement to be enforced. Now the district drags its feet. The kid's not going to school. You go in to see Judge White and he gives you a TRO saying enforce that order. Why didn't you do that? Because the party – Arkay was already aggrieved. The parties were bickering among themselves about what stay put meant. In fact, EBC wrote a letter to Judge Kirchhoff afterwards saying, we're not going to comply with the stay put. So what? There was nothing to enforce. There was futility. They were not complying with the stay put order. There was nowhere else to go. It seems to me right there is where you have a potential claim. But what I'm having trouble with is that you ended up in district court, in effect, with no foundation in terms of what can the district court do, and then in the reply brief, you, in effect, ask the district court, look, kind of what you're explaining to us, this whole thing has put us – is in a morass. So you, the district court, should, in effect, issue your own, through your own authority, stay put order. But at that point, it's in the reply brief, and I believe the Court said no in his discretion. So what I'm still having trouble understanding is the kernel on which you think Judge White had the authority to issue an order. Well, there were five bases by which Judge White had. In fact, this Court has held in Doe v. Mayer, which I apologize, was not emphasized enough in our brief. There was no underlying due process proceeding in Doe v. Mayer, yet. The Court, Judge Sneed specifically, spent an enormous amount of time looking at the conduct of San Francisco Unified in that proceeding and said – You're running out of time. There's one. We'll look at – we'll relook at Doe v. Gonzales v. Mayer. And I also would ask that you look at Honig v. Doe. Those are two examples where there was no underlying due process proceeding and the aggrieved party was not asked to exhaust administrative remedies. This case is worse than those cases. This case is parties bickering over whether this child should be allowed back in school. OAH and the administrative proceedings proved futile. There was nowhere else to go. We exhausted every remedy. Is the child in school now? He's not in school now. Was – did this case go through the Ninth Circuit mediation program? We are – we did not. We are presently in mediation with Judge James in the underlying proceeding. Okay. Your time has expired. Thank you. We'll give you some time for rebuttal. Thank you. Good morning. May it please the Court. My name is Kimberly Smith. I represent Hayward Unified School District. Counsel for Children's Health Council, Barbara Ann Caulfield and Carol Healy are also present, but I'm going to argue jointly based on the joint brief. And if you – if the panel has specific questions for Children's Health Council, they are here to answer them. I think as the Court recognizes, this is a really narrow jurisdictional issue about whether the district court had jurisdiction to issue this TRO given the fact that the underlying due process proceeding had been dismissed by the plaintiff. And it's our position that clearly the district court did not have that jurisdiction, that it was properly decided. If they had not dismissed the case, would the district court have had jurisdiction then? It would have had jurisdiction to enforce an order. As plaintiff correctly argues, OAH cannot enforce its own orders, but that should have been what was before Judge White. And, in fact, if you look at the initial complaint filed in December 2006 with the Federal Court at count one, it's characterized as an enforcement count. It's to enforce the original September 2006 state put order, which at that time the parties were not complying with and were in dispute about. And so that's really what should have gone to Judge White. And as Judge White recognized, with that order gone, the only thing that he could consider based on plaintiff's late reply was whether he had a proper proceeding before him under Section 1415 to issue a state put order, TRO, and he concluded that he did not because the due process proceeding had been prematurely dismissed. They say that there are these two cases which were recent or cited at the end, and that's why the State Department has to give them authority to come in as kind of an original proceeding. Is that what those cases hold? No. I believe that all of the cases cited both on the issue of state put, and if you look at the cases that are cited on the futility issue in Plaintiff's Brief, in every single one of them it's either an enforcement issue where the district court is asking to enforce a state put order that was issued by an administrative body, or that the due process proceeding or whatever the proceeding in that particular State was completely exhausted, and the district court was proceeding on its own issues under the IDA in which it had original. It was explained, and we'll go back and look at it, was that there were at least two cases that might be analogous to this case because there was no pending due process claim. Only because there had been exhaustion. And when you look at Honig, that is covered in there, that the right of state put exists as soon as due process is open, and when that case is exhausted and under the IDEA there's an appeal to the district court, then the right to state put continues. State put is a narrow right under Section 1415. You have to look at the procedural framework of the statute as a whole, and what Judge White was saying is that it's too early at this point for me to consider any issues under 1415, and therefore I do not have the original jurisdiction to enforce, or I'm sorry, to issue an original state put order. Because under 20 U.S.C. 1415 I2A, there has not been exhaustion. And so I cannot consider the due process issues. One of the things that plaintiff argued here today, which I disagree with, is that there was nothing left in the OAH proceeding, and that required them to dismiss it. There was the issue of whether or not what the appropriate placement was for this child for the 2006-2007 school year. State put is an interim right to maintain the status quo while there are underlying issues and dispute being considered by the appropriate body. Kennedy. Do you agree with my reading of the September 6, 2006, order that the, it was ordered that you, the Respondent, the district, maintain R.K. at the ECB school, giving that child whatever the ECB school considered to be necessary, even though it was more than it was given the year before, at least for the purpose of the state put order? No. I do not read the order as requiring anything more than what was in the September 2005 settlement or the, I'm sorry, the August 2005 settlement agreement. The order that came out in September 6 from 2006 by OAH. Counsel, it said, if I can read it to you again, it said that it, you should maintain the child, shall maintain placement at ECB to include the services set forth in the agreement and the EAP, not limited to the services in the agreement. In other words, if, as I read it, and this may be what Judge White might have read if he had had this order to enforce, that this is included but not limited to the services. In other words, that phrase that we see all the time, include but not limited to. But nonetheless, Judge White didn't have that order before. Right. And that was the dispute primarily between the district and EBC at that point. We believe that stay put as a provision to maintain status quo would have been exactly the services in the agreement and the IEP. EBC believed that this student required additional service to have full education. And that is that underlying dispute that would have gone to a due process hearing in December 2006 had the family not dismissed that case. And as you pointed out, if there was a dispute about the scope of that order and how it should be enforced, then that is what should have been brought to the district proceeding. And Judge White could have ruled and fashioned an order as to how it applies, the scope of the services that were required. And then if there were issues at that point of parties not complying, then that would have taken another procedural step. So at this point, the remedy is another administrative filing? Well, that's already taken place. When the family's pending. Yeah. When the family dismissed their due process proceeding, the school district refiled. Because we still have the issue of what's the appropriate placement for this child, you know, for 2006-2007. Of course, that's over. But now moving forward. And so the administrative body is the correct entity in this State to be considering those issues. And the right to State put attaches while those proceedings are going forward to maintain the status quo of the last agreed-upon placement. Is there a State put order in there now? Yes. That was issued in March of 2007. Are the parties, are the, I guess it's the parties complying with it. Both CHC and the district have advised the family that EBC will re-enroll the student with all of the services provided for in the last settlement agreement and IEP. And it has been communicated back to us that they still want some additional services as part of State put. And our position is State put is nothing additional. It's just the last agreed-upon placement. And so. And at that point, the mediation that was mentioned, is that part of the mediation? Well, because we have a district court action going and AOH proceeding, the parties have collectively agreed to use the services of the district court to mediate and try to settle issues from both forums. So that's where we are in the settlement procedure. But they did get a March 2007 State put order. And within weeks, both of the defendants communicated that they would comply with that State put order. And what the issues and disputes under the prior State put order had been resolved and we were no longer taking the position, and particularly Children's Health Counsel was no longer taking the position, that R.K. could not be reenrolled at their program. Is there a new district court action that's been filed since the OAH new file? It's the same district court action filed in December 2006. It does have an issue of breach of the prior settlement agreement for a school year that is now long past. That is something that OAH is not going to consider. And the question, and the district court has a motion to dismiss pending right now whether or not that's a Federal court issue or a State court issue on the proper jurisdiction on that case. But that's something that would be litigated going forward for the parties. Thank you. So I'd just like to conclude that I think that what's important to look at is Section 1415 as a procedural framework as a whole and what is an appropriate proceeding under that framework in which whatever the forum is, whether it's OAH or district court, can issue an original State put order. The parties do not disagree that State put exists as soon as a dispute arose. The question is the proper jurisdiction, the proper body that should be issuing that order. And as Judge White correctly recognized, because he does not have a valid 1415 proceeding before him at this time, the OAH was the proper administrative body to issue the State put order. The family has gone back and got that order in March 2007, and this appeal should be denied. Your Honor, there were five bases and I'll give you an extra minute. Thank you. Your Honor, quickly from the Dovey-Mayer case, where the district has completely failed in its statutory duty to comply with an order, this Court has said that it will not, under these circumstances, penalize an aggrieved party. And it was addressing exhaustion. Now, there were five bases. We did not need a State put order that was not being enforced for this Court, for the underlying Court, to issue an original State put order, which was requested in the initial papers. We had five bases. We had an original. Sotomayor is saying that somewhere buried in the memorandum of points and authorities is a request for the district court to have an original State put order? It wasn't buried. It was obvious and it was requested. There were five original bases for jurisdiction. It had two proceedings before it. There was already exhaustion. The Court applied the wrong standard. You do not have to fully exhaust in order to receive State put. It has original jurisdiction. We had already exhausted. There was futility itself which conferred jurisdiction. The parties weren't complying with the State put order and CDE was failing to act. It had a valid mediation agreement being enforced before it, which was a dispute, asking for prospective relief replacement. It had jurisdiction conferred upon it because it had a due process complaint before it filed by the school district. The family had already exhausted, and futility itself conferred jurisdiction on this Court. Yet despite that fact, on January 19th, two months later, OAH issues an order. It's now the end of the school year. This child had missed an entire school year because the underlying court failed to utilize the original inherent authority that it had to ask these parties to comply with the IDEIA State put provisions. There were five bases. Thank you, Your Honor. Ginsburg. One thing I'll say is something that both parties in this case already are well familiar with, that by the time these cases go through various administrative exhaustion and through the district court and then they go through the appellate process, it takes a long time. And, you know, we still have the fact of R.K. is the subject of the litigation who's not in school. So while we have no authority with respect to your district court mediation, I would only urge you that, you know, our obligation, of course, is to look at IDEIA, to look at the jurisdictional issues, to see whether or not the district court was correct here. And we did put this on an expedited calendar for obvious reasons because of the child. But, you know, the court of appeals is never a satisfactory solution for these kind of cases. So I simply urge you to, and I know you will, be energetic and good faith in your negotiations. The case just argued is submitted. Thank you. Thank you. Thank you.
judges: Siler, McKeown, Bea